Mario Pittoni, J.
Custody cases such as this search the conscience and sear the sensibilities. It is another contest between two former spouses over the custody of their children. The pawns in this tug of war are Charles, born 1949, Greorge, born 1952, and Francis, born 1957.
The petitioner, now Lorraine Ottensman, and now married to Delbert (Houch) Ottensman, married the respondent, Francis Lombardo, in 1948. In 1952 they moved from Brooklyn, New York, to Babylon, Long Island.
In the middle of 1956 Lorraine began week-end trips to Nauticoke, Pennsylvania, a village approximately 175 miles from New York City. At first these week-end trips were infrequent, but later nearly weekly. Sometimes she took her children with her, and at other times she either left them with her husband’s family or with her own sister. Lorraine stayed with her aunt during these Nauticoke visits; but she also found time during these week-end visits to be in the company of Ottensman. One of her complaints against Lombardo was that he worked all the time and was seldom home.
"When the relationship between Lorraine and Lombardo worsened they entered into a separation agreement on December 14,1957. They agreed that Lombardo have custody of the oldest boy, Charles, and that Lorraine have custody of the other two. Four days later, on December 18, 1957, Lorraine obtained a Mexican decree of divorce, then married her present husband, Delbert Ottensman, and on August 14, 1958 bore him a child.
In the Spring of 1958, without telling Lombardo that she had remarried, Lorraine spent several weeks in their home with Lombardo. She stated, however, not as husband and wife.
Since the separation agreement Lorraine has intermittently taken the boys and then brought them back to Lombardo, with the statement that she could not care for them. At times she has merely taken them aiid has failed to communicate with Lombardo, except for money. The two older boys have been in and out of school to often that their scholastic work has suffered to a deplorable state.
Since her remarriage Lorraine and her present husband have lived in four different places in the Nauticoke, Pennsylvania, area. Delbert Ottensman has two children of his own beside *106 their baby born in August, 1958. His income, according to Lorraine, is between $65 and $85 per week, and he works as a plasterer at $2 per hour.
I could state more, some good and some bad; but I have stated enough to establish my conclusion that Lorraine is not morally or emotionally stable enough to be a good mother. The flimsy glitter that she has offered her children as an attraction for life in Nauticoke is a very poor base for good moral, emotional and educational upbringing of the boys. In short, I find that she is unfit to have custody of the three boys.
As for the respondent, Lombardo, it is difficult to imagine how a man could put up with Lorraine’s deviations from proper marital conduct for even a short period, let alone the long period that he did. He too is now remarried, and is living with his present wife in Jericho, Long Island. His income is approximately $10,000 to $11,000 per year.
Lorraine complains that up to the present Lombardo has kept the two older boys in a boarding school. Yet her own suggestion is that the court award her custody, with a direction that the boys be put in a boarding school near Nauticoke, Pennsylvania, her present home.
Lombardo and his present wife have expressed a desire to keep all three children and to make a home for them in Nassau or Suffolk County. They presently reside in Jericho, Long Island.
The writ of habeas corpus is dismissed. Custody is awarded to the respondent father, Lombardo. He shall enroll the two elder boys in a local school until the end of the school term, this June, 1960. He and his attorney are directed to appear at my chambers in the early part of June, 1960, preferably before June 15, for direction as to Summer school placement of the two older boys and for further direction as to their school placement during the regular school year. The respondent’s attorney is also directed to arrange for this conference and direction by mail directed to me on or before June 1, 1960.
The petitioner shall have the right to visit the children each and every Sunday afternoon between 2:30 and 6:00 p.m. at the respondent’s home, but only upon prior notice to him by registered mail postmarked the previous Wednesday., Submit order.